IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MARY E. WICKLINE, et al.,

    **Plaintiffs,**

v.                                **Civil Action No. 5:05-0024**

UNITED STATES OF AMERICA,

    **Defendant.**

<u>**MEMORANDUM OPINION AND ORDER**</u>

Pending before the court is defendant's motion to dismiss
(Docket No. 4).  For the reasons discussed in defendant's motion,
and because plaintiff has moved to withdraw this claim,
defendant's motion to dismiss plaintiff's individual claim for
loss of consortium (Docket No. 4) is hereby GRANTED.  For the
reasons outlined below, defendant's motion regarding the
remainder of this action is hereby DENIED.   Further, plaintiff
has voluntarily moved to withdraw her second claim as the damages
alleged under it would be duplicative of those awarded under her
first claim.  (<u>See</u> Docket No. 7 at 14.)  The court hereby GRANTS
plaintiff's motion to voluntarily withdraw her second claim.

## I.  Factual and Procedural Background

Plaintiff brings two claims arising from the death of
Orville Wickline, allegedly caused by negligence on the part of
the Veterans Administration Medical Center located in Beckley,
West Virginia ("Beckley VAMC").  Plaintiff contends that the
United States and its employees at Beckley VAMC failed to timely

diagnose and treat the decedent's cancer and that this negligence eventually caused Orville Wickline's death.

Defendant moves to dismiss plaintiff's first claim as time-barred pursuant to time limits included in the Federal Tort Claims Act, 28 U.S.C. § 2401(b) ("FTCA"). Defendant, quoting plaintiff's complaint, states that Orville Wickline discovered that the United States or its employees were negligent in December 2001, while a patient at Greenbrier Valley Medical Center in Ronceverte, West Virginia. Plaintiff did not present an administrative claim to the Department of Health and Human Services until March 9, 2004, more than two years after the date plaintiff became aware of alleged negligence on the part of the United States or its employees.

## II.  Applicable Law

It is well-settled that the United States has sovereign immunity from a lawsuit unless it consents to be sued. <u>See United States v. Sherwood</u>, 312 U.S. 584, 586 (1941). The waiver of immunity embodied in the FTCA is limited and to be strictly construed in favor of the government. <u>United States v. Nordic Village, Inc.</u>, 503 U.S. 30, 33 (1992); <u>Robb v. United States</u>, 80 F.3d 884, 887 (4th Cir. 1996). 28 U.S.C. § 2401(b) contains the FTCA's statute of limitations. This provision provides that claims under the FTCA must be presented in writing to the appropriate federal agency within two years after the claim

accrues.  Id.

> A tort claim against the United States shall
> be forever barred unless it is presented in
> writing to the appropriate Federal agency
> within two years after such claim accrues or
> unless action is begun within six months
> after the date of mailing, by certified or
> registered mail, of notice of final denial of
> the claim by the agency to which it was
> presented.

Id. § 2401(b).

Under the FTCA, the statute of limitations for 28 U.S.C. § 2401 is a jurisdictional prerequisite which must be met by plaintiffs and is a condition of the waiver of sovereign immunity of the United States under the FTCA.  See United States v. Kubrick, 444 U.S. 111, 117-18 (1979).  This requirement, being jurisdictional, cannot be waived under federal law.  Ahmed v. United States, 30 F.3d 514, 516 (4th Cir. 1994); Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986).

The determination of when an FTCA claim accrues for the purposes of the statute is a matter of federal law.  Kubrick, 444 U.S. at 123; Gould v. United States Dep't of Health & Hum. Servs., 905 F.2d 738, 742 (4th Cir. 1990), cert. denied, 498 U.S. 1025 (1991).  The statute is not tolled until a plaintiff learns of the legal nature of his potential cause of action.  See Kubrick, 444 U.S. at 123.  When a plaintiff knows, or in the exercise of due diligence, should have known, first, that he has been injured, and second, the cause of the injury, the cause of

-3-

action accrues and the statute begins to run.  Id. at 120; Muth
v. United States, 1 F.3d 246, 249 (4th Cir. 1993).

A plaintiff need not know that a party is legally
blameworthy or that the party was negligent for the claim to
accrue and the statute to begin to run.  Kubrick, 444 U.S. at
121.  In a medical malpractice case, plaintiff need not know that
he or she actually received negligent treatment for a claim to
accrue and the statute to begin to run.  See Dessi v. United
States, 489 F. Supp. 722, 724 (E.D. Va. 1980).

### III.  Analysis

The West Virginia Wrongful Death Act, W. Va. Code § 55-7-5
("WVWDA") provides that

> Whenever the death of a person shall be
> caused by wrongful act, neglect, or default,
> and the act, neglect, or default is such as
> would (if death had not ensued) have entitled
> the party injured to maintain an action
> recover damages in respect thereof, then, and
> in every such case, the person who, or the
> corporation which, would have been liable if
> death had not ensued, shall be liable to an
> action for damages, notwithstanding the death
> of the person injured, and although the death
> shall have been caused under such
> circumstances as amount in law to murder in
> the first or second degree, or manslaughter.

Id.

The issue currently before the court is whether claims under
the WVWDA creates an independent cause of action, or whether
claims under it are essentially claims pre-existing the death of
a person that are transferred to another.  If the statute creates

-4-

a new cause of action, plaintiff is permitted to proceed on her claims because a new and independent cause of action arose when Orville Wickline died on March 10, 2002, and plaintiff filed her lawsuit within two years of that date.  If the WVWDA does not, then plaintiff cannot because Wickline's medical malpractice claim would have expired three months prior to the claim being presented to the United States as he became aware of his injury in December 2001.  (See Compl. ¶ 14.)

Supporting the notion that the WVWDA creates an independent cause of action, plaintiff points to a number of well-worn cases interpreting the Act.  (See Docket No. 7 at 4-7.)  Plaintiff notes that as early as 1899, in Hoover v. Chesapeake & Ohio Railway Company, 46 W. Va. 268, 33 S.E. 224, the West Virginia Supreme Court of Appeals ("WVSCA") discussed the issues underlying this case.  In that case, the statute of limitations for a personal injury action was one year.  Defendant insisted that plaintiff could not maintain the action for wrongful death because the statute of limitations for that injury had expired.

> It [was] claimed that, the injured having lost his right to sue by reason of the bar of the statute of limitations at the time of his death, the cause of action [was] thereby destroyed, both as to himself and his administratrix, that death must find him with a cause of action legally enforceable, or she has none.

Hoover, 46 W. Va. At 269, 33 S.E. at 224.  The WVSCA disagreed,

reasoning that

> . . . if the character of the injury is such
> that the injured party could have at any time
> maintained a suit in relation thereto, his
> administrator could sue after his death.  His
> cause of action is the negligent injury, but
> the administrator can have no cause of action
> until such negligent injury results in death.
> If such were not the case, why not provide
> merely that the decedent's cause of action
> survive to his personal representative,
> without making the death, coupled with the
> negligence that occasioned it, a new cause of
> action?
>
> . . . .
>
> The statute makes no reference, either
> impliedly or otherwise, to the bar of the
> statute of limitations prior to the death of
> the injured person . . . . While the real
> cause of action is the negligent injury, it
> is not committed until it results in death,
> and then the action accrues in the
> administrator, and not until then.  To hold
> otherwise is to make two statutes of
> limitations, both of which would be bars
> affecting the cause of action, one beginning
> to run at the inception of the cause of
> action, and the other beginning to run at its
> consummation, so that if the cause of action
> was not consummated within [the statutory
> period] it would be barred by the first, and
> if consummated within [the statutory period]
> it would have double the time to run under
> the second.  In the absence of express
> provision to the contrary, this would be an
> unreasonable construction of the law.

Id., 46 W. Va. At 270-71, 33 S.E. at 224-25.

Plaintiff notes that this holding has been upheld by both

state and federal courts in the years since the decision was

handed down.  See Perry v. New River Coal Co., 74 W. Va. 122, 81
S.E. 844 (1914); Crab Orchard Improvement Co. V. Chesapeake & O.
Ry. Co., 33 F. Supp. 580, 583 (S.D. W. Va. 1940), a'ffd, 115 F.2d
277 (4th Cir. 1940), cert. denied, 312 U.S. 702 (1941); Burgess
v. Gilchrist, 123 W. Va. 727, 729, 17 S.E.2d 804, 806 (1941);
Panagopoulous v. Martin, 295 F. Supp. 220, 222 (S.D. W. Va.
1969).  These cases hold that the WVWDA does not create a revival
of the decedent's cause of action in the personal representative,
but instead gives an entirely new cause of action which does not
accrue until the death of the person injured, to be brought in
the name of the personal representative.  See Burgess, 123 W. Va.
At 729, 17 S.E.2d at 806.

    Defendant provides several cases to the contrary.  See
Dairyland Ins. Co. v. Westfall, 199 W. Va. 334, 484 S.E.2d 217
(1997), Davis v. Foley, 193 W. Va. 595, 457 S.E.2d 532 (1995);
Miller v. Warren, 182 W. Va. 560, 390 S.E.2d 207 (1990); Brammer
v. Taylor, 175 W. Va. 728, 338 S.E.2d 207 (1985); Miller v.
United States, 932 F.2d 301 (4th Cir. 1991); Chomic v. United
States, 377 F.3d 607 (6th Cir. 2004).  The court finds after
review of these cases that plaintiff's summation of the law
applicable here, even though based on well-worn cases, is
correct.

    In Dairlyland Insurance Company v. Westfall, 199 W. Va. 334,
484 S.E.2d 217 (1997), defendant notes that the Supreme Court of

West Virginia states that wrongful death claims in West Virginia are "derivative" claims.  (See Docket No. 9 at 4.)  In Westfall and in Davis v. Foley, 193 W. Va. 595, 457 S.E.2d 532 (1995), defendant states that the WVSCA rejected the argument that the WVWDA created an independent cause of action.  In both cases, the court was concerned with "per occurrence" limitations in an insurance policy, and held that beneficiaries' claims in a wrongful death action arise out of the death of the deceased.  See Westfall, 199 W. Va. 334, 336-37, 484 S.E.2d at 221; Davis, 193 W. Va. at 599, 457 S.E.2d at 536.  What the court says in both cases is that individual defendants could not raise individual claims under an insurance policy all arising out of the death of one person.

Under the language present in these policies, one claim existed per death; filing multiple claims under one policy based on wrongful death claims was not permitted.  The court never explicitly addresses any of the West Virginia cases discussing the statute of limitations or the statute of limitations itself.  As further support for the notion that Westfall and Davis are limited to the insurance context, is that although both cases contain discussion of a large number of non-West Virginian cases interpreting insurance policies, neither contain discussion of statute of limitation claims under wrongful death acts similar to West Virginia's.  Because these cases are primarily concerned

-8-

with insurance issues and not statute of limitations issues, the court declines to follow them here.

In Miller v. Warren, 182 W. Va. 560, 563, 390 S.E.2d 207, 210 (1990), defendant notes that the WVSCA stated that "[a]n adult's negligence may be 'imputed' to a child only where te child's cause of action is derivative only, for example, in a survivor's wrongful death action." Miller involves whether adult plaintiffs' negligence in smoking in bed can be imputed against negligence claims of a two-year old child. Id., 182 W. Va. at 562, 390 S.E.2d at 209. Like Davis, Miller never discusses statutes of limitations or any of the West Virginia cases plaintiff relies on in their response to defendant's motion. Insofar as Miller does not discuss these cases, and the court's language is at best dicta tangential to the issues raised in this case, the court rejects Miller as a source of authority binding upon the court here.

Similarly, Brammer v. Taylor, 175 W. Va. 728, 338 S.E.2d 207 (1985), contains no in-depth discussion of the issues present in this case. Brammer involved a claim arising from a lost legacy under an invalidly-attested codicil. Id., 175 W. Va. at 729, 338 S.E.2d at 208. The court only discusses W. Va. Code § 55-7-5 for the proposition that a wrongful death case is not analogous to a case involving an intended beneficiary's claim of alleged negligence in the preparation of a will. Id., 175 W. Va. at 732,

338 S.E.2d at 211 n.2.  Because the nature of the case is so different from the one at issue here, and because the Brammer court provides no in depth discussion of either the statute or wrongful death case law, the court declines to follow the reasoning in it, contained in a footnote, that defendant believes is helpful for its position.

At first blush, the two federal cases of Miller v. United States, 932 F.2d at 301 (4th Cir. 1991) and Chemic v. United States, 377 F.3d 607 (6th Cir. 2004), appear to provide support for the position advocated by defendant.  However, upon closer review, neither case does.  In Miller v. United States, plaintiff's decedent developed breast cancer.  See 932 F.2d at 302-03.  While alive, she wrote a letter stating that her physician should have ordered a mammogram for her earlier than he had.  Id.  She lived for more than two years following the drafting of this letter.  Id.

After she died, her decedent submitted a claim under the FTCA asserting a wrongful death claim.  Id.  This claim was submitted more than two years following decedent's death but more than two years after the letter in which she stated that her physician should have ordered a mammogram at an earlier date.  Id. at 303.  In much the same fashion as did plaintiff here, plaintiff in Miller asserted that the wrongful death cause of

action did not accrue until the party had died.  Id.  The Fourth
Circuit rejected the complaint, stating that

>       the question under Kubrick and Virginia
>       wrongful death law in combination is not,
>       therefore, whether at the critical time [the
>       decedent] knew she had a personal injury that
>       would eventually cause her death, but only
>       whether she then knew that she had an injury,
>       and, as is not alleged, an injury caused by
>       the failure of [government employees] . . . .

See 932 F.2d at 304.  As this decision and plaintiff note,
Virginia's wrongful death statute does not create a new cause of
action, but only a right of action in a personal representative
to enforce decedent's claim for any personal injury that caused
death.  See id. at 303.  West Virginia's statute "contemplates
the creation of an entirely new cause of action for wrongful
death based upon the loss sustained by certain persons designated
as the beneficiaries of the recovery rather than upon an injury
suffered by the deceased's estate."  Panagopoulous v. Martin, 295
F. Supp. 220, 222 (S.D. W. Va. 1969) (internal citations
omitted).

        Defendant's reliance on Chemic v. United States, 377 F.3d
607 (6th Cir. 2004) is flawed for similar reasons.  The decedent
in Chemic fell at a Veterans Affairs Medical Center, suffered a
hip fracture, and died approximately one month later.  See id. at
608.  The decedent's personal representative submitted the claim
to the government within two years of the decedent's death but

not within two years of the fall.  Id. at 608-09.  In evaluating
the claim, the Sixth Circuit noted that Michigan's wrongful death
statute was derivative in nature and did not create an
independent cause of action.  See id. at 611-12.  As a result,
under Kubrick's first discovery rule, the statute of limitations
began to accrue on the date of the decedent's fall and not the
date of the decedent's death.  Id.

This decision, like those in Miller v. United States and
Kubrick, is dependent on state law.  In West Virginia, the state
law is that wrongful death claims create a new cause of action.
See Perry v. New River Coal Co., 74 W. Va. 122, 81 S.E. 844
(1914); Crab Orchard Improvement Co. V. Chesapeake & Ohio Ry.
Co., 33 F. Supp. 580, 583 (S.D. W. Va. 1940), a'ffd, 115 F.2d 277
(4th Cir. 1940), cert. denied, 312 U.S. 702 (1941); Burgess v.
Gilchrist, 123 W. Va. 727, 729, 17 S.E.2d 804, 806 (1941);
Panagopoulous v. Martin, 295 F. Supp. 220, 222 (S.D. W. Va.
1969).  Although none of these cases are of recent vintage, they
have never been expressly implicitly or expressly overruled by
the WVSCA.  As such, they are still binding authority.  See
Miller v. Warren, 182 W. Va. 560, 563, 390 S.E.2d 207, 210 (1990)
(relying on Dicken v. Liverpool Salt & Coal Co., 41 W. Va. 511,
23 S.E. 582 (1895), as the sole controlling authority for a
proposition).  Similarly, the statute itself has not changed.

In Fisk v. United States, 657 F.2d 167, 170-71 (7th Cir. 1981), a case discussed in Chemic, the Seventh Circuit looked to the wording of Indiana's statute in evaluating an FTCA wrongful death claim.  Finding that the purpose of the Indiana statute was not to compensate for the injury to the decedent, but instead to create a cause of action under which the decedent's survivors might be compensated for the loss they sustained by reason of the decedent's death, the court found that the FTCA cause of action did not accrue for FTCA purposes until the date of the death which gave rise to the action.  Id.  Chemic, too, adopts this position, but is compelled to an apparently opposite result because of the Michigan statute at issue.

Given that the authority cited by plaintiff binds the court to a finding that West Virginia's statute is like the Indiana statute at issue in Fisk, and not like the Michigan statute at issue in Chemic, defendant's motion to dismiss, excepting as regards the voluntarily withdrawn claim, must be denied. Plaintiff's cause of action only began to run as of the date of Orville Wickline's death.

### IV.  Conclusion

For the reasons outlined above, defendant's motion to dismiss is granted regarding plaintiff's individual loss of consortium claim, and denied as to the remaining claim.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to all counsel of record.

It is SO ORDERED this 3rd day of November, 2005.

Enter:

David A. Faber
United States District Judge